## Continuation of Application for Search Warrant

I, Todd Wilton, Special Agent of the United States Department of Homeland Security (DHS), Homeland Security Investigations (HSI) being duly sworn, depose and state under oath that:

1. This application seeks authorization for a warrant to search SUBJECT DEVICES, black, white and purple iPhones belonging to Lucas J. POBUTKIEWICZ which are located at 228 Magazine Street, Sault St. Marie, Michigan 49783.

2. I suspect the SUBJECT DEVICES contain evidence related to the production of child pornography. As explained in greater detail below, POBUTKIEWICZ, between the dates of October 24-25, 2025, traveled from New York to Michigan to engage in sexual activity with MV-1 who is 13 years old. On that occasion, POBUTKIEWICZ induced MV-1 to take sexually explicit photographs of herself, and used his phone to also capture sexually explicit photographs and videos. POBUTKIEWICZ had reason to know that such visual depiction would be produced or transmitted using any means or facility of interstate or foreign commerce or in or affect interstate or foreign commerce in violation of 18 U.S.C. § 2251(a).

3. I am a Special Agent with the Department of Homeland Security (DHS), Homeland Security Investigations (HSI), assigned to HSI Sault Ste. Marie, Michigan, hereinafter referred to as HSI Sault Ste. Marie, and have been so employed since October of 2008. As part of my duties as an HSI SA, I investigate criminal violations relating to child exploitation and child pornography including violations pertaining to the illegal production, distribution, receipt, and possession of child pornography,

in violation of 18 U.S.C. §§ 2251(a) and 2252A. I have received training in the area of child pornography and child exploitation, and I have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256(*)) in many forms of media, including computer media. In connect with such investigations, I have served as case agent, have been the affiant of several search warrants and complaints, conducted interviews of defendants and witnesses, and have served as an undercover agent in online child exploitation cases. I have attended specialized courses involving child exploitation and covert online chatting. I have participated in numerous investigations involving human trafficking, child exploitation, online child enticement, and child pornography.

4.   The following facts and circumstances are based on my personal knowledge, as well as the investigations of other law enforcement officers. I have not set forth all of the information known to me or known to other law enforcement officers concerning this matter. This continuation contains the information necessary to support probable cause and does not contain every material fact that I have learned during the investigation. I have not withheld any information that I know would undermine a finding of probable cause.

5.   This continuation is made in support of an application for a search warrant for the SUBJECT DEVICES, more specifically described in Attachment A, for evidence, instrumentalities, contraband, and fruits of violations of 18 U.S.C. §§ 2251(a) and 2252A (the TARGET OFFENSES).

## **PROBABLE CAUSE**

6.     On November 14, 2025, the Grand Traverse County Sheriff's Office (GTCSO), Traverse City, Michigan received a complaint concerning a pregnant 13-year-old minor victim (hereinafter referred to as MV-1) in Traverse City, Michigan. Detectives, assigned to the GTCSO, contacted MV-1's mother who stated that the father of the unborn baby is possibly someone named "Lucas." MV-1's mother stated that she has never met "Lucas." MV-1's father voluntarily relinquished MV-1's cellular telephone to the GTCSO and provided written consent for forensic analysis. The analysis led to the discovery of electronic communications between an adult suspect from New York, identified as Lucas POBUTKIEWICZ[1], and MV-1. In addition, the analysis and subsequent forensic interviews of MV-1 determined that POBUTKIEWICZ knew MV-1 was 13, traveled to Traverse City, Michigan on October 24, 2025, for one night, transported MV-1 to an identified hotel and engaged her in criminal sexual conduct on multiple occasions. POBUTKIEWICZ video recorded himself sexually penetrating MV-1 on one occasion with her cellular telephone and had her send the video to his cellular telephone via Snapchat or SMS message.

*Videos and Images from MV-1's Phone*

7.     The GTCSO conducted a forensic analysis of MV-1's cellular telephone, which is a Samsung S911U. It was manufactured outside of the State of Michigan.

---

[1]

8. The GTCSO discovered the following images and video on MV-1's cellular telephone:

   a. This image is titled "Snapchat-1200066605.jpg" and was produced on October 24, 2025. This image depicts POBUTKIEWICZ1 and MV-1 from the areas of their stomachs upward and facing the camera. MV-1 and the male appear nude, and she is leaning against him. POBUTKIEWICZ's left hand is placed upon MV-1's right breast. The image depicts POBUTKIEWICZ with a beard and tattoos on his chest and left arm.

   b. This video is titled "20251025_104832.mp4" and is 37 seconds in length. This video was produced on October 25, 2025. This video depicts MV-1 from behind wearing only a pink and black leopard print tank-top style shirt. MV-1 is leaning on her left elbow, right hand and her knees backwards upon a gray colored chair thus exposing her buttocks and anus. An adult Caucasian male2 is depicted from his stomach downward wearing a gray colored long sleeved shirt pulled upward above his stomach and what appears to be pants and underwear pulled downward around his ankles thus exposing his erect penis is standing behind MV-1 and engaging her in vaginal intercourse. During the video, the male pulls MV-1's head backwards via her hair with his left hand and simultaneously exposes her face to the camera. The adult male appears to have produced this video.

  c. This image is titled "Screenshot_20251101_204235_Snapchat.jpg" and was produced on November 2, 2025. This image depicts POBUTKIEWICZ from his chest upward and facing the camera. POBUTKIEWICZ is wearing a black long-sleeved shirt.

  d. This image is titled "Screenshot_20251109_082951_ChatGPT.jpg" and was produced on November 9, 2025. This image depicts two pink and white colored pregnancy tests that indicate positive responses.

9. On November 17, 2025, MV-1 was forensically interviewed at the Traverse Bay Children's Advocacy Center, 2000 Chartwell Drive, Suite #3, Traverse City, Michigan. MV-1 made the following statements in sum, but not verbatim:

  a. That she identified the adult male depicted in the image titled "Snapchat-1200066605.jpg" as previously documented in paragraph 6a of this affidavit as "Lucas."

  b. That "Lucas" met her via her former boyfriend on Snapchat.

  c. That she told "Lucas" that she was 13 years of age via Snapchat.

10. The GTCSO discovered that on October 24 and 25, 2025, two telephone calls were made between MV-1's and POBUTKIEWICZ's telephone numbers and that MV-1's cellular telephone was geolocated at the Parkshore Resort, 1401 US 31 North, Traverse City, Michigan.

11. On November 17, 2025, the GTCSO visited the Parkshore Resort as previously documented in paragraph 23 of this affidavit and confirmed that POBUTKIEWICZ reserved a room on October 22, 2025, with a check-in date of

October 24, 2025 and a check-out date of October 25, 2025. The resort confirmed that POBUTKIEWICZ stayed in room #327, provided a copy of the invoice for the lease of the room and video surveillance video dated October 24, 2025 at 2:07:16 (EST) that depicts POBUTKIEWICZ at the front desk of the resort upon checking into his room. The receipt indicates the following information: "Lucas POBUTKIEWICZ"

    a. Email: lukeman987@icloud.com

    b. Street Address: "4251 Stepping Stone"

    c. Province/State: New York

    d. Postal/Zip Code: "130904"

12. The GTCSO visited room #327 and determined that the furniture appears the same as the furniture depicted in the background of the image titled "Snapchat-1200066605.jpg" as previously described in paragraph 6a of this affidavit. The resort identified POBUTKIEWICZ's vehicle as black Chevrolet Silverado pickup truck bearing New York registration number "KZC5425." The GTCSO verified that this vehicle is registered to POBUTKIEWICZ.

13. During the course of my investigation, supporting federal and local law enforcement partners queried law enforcement license plate reader databases and determined that POBUTKIEWICZ had traveled from the State of New York to the Western District of Michigan on October 24, 2025 and returned to New York on October 25, 2025. License plate reader data revealed that the vehicle's license plate was captured at multiple locations along the route of travel, consistent with

POBUTKIEWICZ's journey to and presence at the Parkshore Resort in Traverse City, Michigan.

14. On February 12, 2025, I travelled to New York and was part of the team that arrested POBUTKIEWICZ on an arrest warrant signed by Magistrate Judge Sally Berens. POBUTKIEWICZ spoke to myself and another agent, post *Miranda*. He said the following:

   a. POBUTKIEWICZ confirmed he travelled from New York to Michigan to meet MV-1;

   b. POBUTKIEWICZ met with MV-1 and picked her up outside of her school (middle school);

   c. POBUTKIEWICZ took MV-1 to the motel and there he engaged her in sexual intercourse, once on October 24 and once on October 25;

   d. POBUTKIEWICZ and MV-1 both recorded the sexual contact on their phones;

   e. POBUTKIEWICZ dropped MV-1 off at a mall and drove back to New York; and

   f. POBUTKIEWICZ spoke to your affiant and another agent about multiple other minors he had had sexual contact with.

15. POBUTKIEWCZ handed over three phones to law enforcement at the time of his arrest. Those are the SUBJECT DEVICES which this continuation seeks to search.

## TELEPHONES, COMPUTERS, AND ELECTRONIC MEDIA

16. As described above and in Attachment B, this application seeks permission to search devices belonging to or associated with Lucas J. POBUTKIEWICZ. As discussed below, additional evidence pertaining to child pornography/child exploitation may be found on electronic devices.

17. In my training and experience, individuals conduct a considerable amount of communication using their cellular telephones. Those communications are in the form of voice calls, text messages, SMS messages, MMS messages, e-mails, social media messages and posts, and messages shared via "chat" applications.

18. I know that individuals who conspire with one another to conduct illegal activities often do so through the use of cell phones and other electronic devices, used to communicate through social media and/or contact one another by voice or text messaging.

   a. Based on the facts described above, I believe that Lucas J. POBUTKIEWICZ would have communicated through such methods regarding the production of child pornography. I know that individuals often utilize their cellular phones and smartphones to access the internet and each time this is done the device maintains a record or "browser history," showing which websites were visited and when. Based on the facts described above, I believe that Lucas J. POBUTKIEWICZ likely accessed the internet for the purpose of obtaining and/or producing child pornography.

19.     I know through training and experience, as well as through consultation with a trained cellular phone forensic examiner, that evidence of the above forms of communication, and the browser history of such devices, are often kept in cell phones for months and even years.  A forensic examiner may be able to recover messages and other data that were manually deleted by the user of the phone.  For these reasons, I believe that any cellular phones and smartphones utilized by Lucas J. POBUTKIEWICZ will contain evidence of the violations of 18 U.S.C. § 2251(a).  For all of these reasons, I request authorization to search the SUBJECT DEVICES found in POBUTKIEWICZ's possession.

## CONCLUSION

20.     Based on the foregoing, I submit there is probable cause that evidence of the sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a), is stored on the SUBJECT DEVICES.  I therefore respectfully request that this Court issue a warrant authorizing the search of POBUTKIEWICZ's cellular telephone and electronic equipment set forth in the affidavit and attachments, and the seizure of the items more specifically described in Attachment B.